IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>AUTUMN ROSE RIDER,<br><br>Defendant. | CR 23-06-GF-BMM-JTJ<br><br>FINDINGS AND RECOMMENDATIONS |

## I. Synopsis

Defendant AUTUMN ROSE RIDER (Rider) has been accused of violating conditions of her supervised release. (Doc. 72). Rider admitted the alleged violations. Rider's supervised release should be revoked. Rider should be sentenced to custody for 2 months, with 22 months of supervised release to follow. During the term of supervised release, Rider shall be placed in a secure in-patient residential substance abuse treatment facility at the direction of her probation officer. Following substance abuse treatment, Rider shall be placed in a residential re-entry center for a term of up to 180 days, at the direction of her probation officer.

## II. Status

Rider pled guilty on January 13, 2025, to the offense of Assault Resulting In Serious Bodily Injury, in violation of 18 U.S.C. §§ 1153(a), and 113(a)(6) as charged in Count 1 of the Indictment. (Doc. 56). Rider was sentenced to custody for a term of 12 months and one day, followed by three (2) years of supervised release. (Doc. 66). Rider's current term of supervised release began on August 8, 2025.

**Petition**

On July 3, 2026, the United States Probation Office filed a Petition requesting that the Court revoke Rider' supervised release. (Doc. 44). The Petition alleged Rider violated conditions of her supervised release by: (1) failing to participate in substance abuse testing on June 10, 2026; (2) consuming alcohol on June 8, 2026; (3) failing to participate in substance abuse testing on June 30, 2026; and (4) failing to follow the instructions of her probation officer to report for substance abuse testing on June 30, 2026.

**Initial Appearance**

Rider appeared before the Court on August 26, 2026. Rider was represented by counsel. Rider stated that she had read the Petition and that she understood the allegationa against her. Rider waived her right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

Rider appeared before the Court on August 26, 2026. Rider admitted the allegations set forth in the Petition. Rider's admitted violations, 1-4, are serious and warrant revocation of her supervised release.

**Sentencing hearing**

Rider appeared before the Court on August 26, 2026. Rider's violations are Grade C. Her criminal history category is I. Rider's underlying offense is a Class C felony. Rider could be incarcerated for up to 24 months. Rider could be ordered to remain on supervised release for up to 36 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

## III. Analysis

Pursuant to 18 U.S.C § 3583(e)(3), Rider's supervised release should be revoked. Rider should be sentenced to custody for 2 months, with 22 months of supervised release to follow. During the term of supervised release, Rider shall be placed in a secure in-patient residential substance abuse treatment facility at the direction of her probation officer. Following substance abuse treatment, Rider shall be placed in a residential re-entry center for a term of up to 180 days at the direction of her probation officer. This sentence is sufficient but not greater than necessary.

## IV. Conclusion

The Court informed Rider that the above sentence would be recommended to the Chief United States District Judge Brian Morris. The Court also informed Rider of her right to object to these Findings and Recommendations within 14 days of this issuance. The Court explained to Rider that Judge Morris would consider a timely objection before making a final determination on whether to revoke her supervised release and what, if any, sanction to impose.

The Court **FINDS**:

That AUTUMN ROSE RIDER has violated the conditions of her supervised release by: (1) failing to participate in substance abuse testing on June 10, 2026; (2) consuming alcohol on June 8, 2026; (3) failing to participate in substance abuse testing on June 30, 2026; and (4) failing to follow the instructions of her probation officer to report for substance abuse testing on June 30, 2026.

The Court **RECOMMENDS:**

That the District Court revoke Rider's supervised release and sentence Rider to custody for 2 months with 22 months of supervised release to follow. During the term of supervised release, Rider shall be placed in a secure in-patient residential substance abuse treatment facility at the direction of her probation officer. Following substance abuse treatment, Rider shall be placed in a residential re-entry center for a term of up to 180 days at the direction of her probation officer.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 27th day of August 2026.

John Johnston
United States Magistrate Judge